# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID JANKOWSKI, | ) |
| Plaintiff, | ) 2:13-cv-194 |
| v. | ) |
| ROBERT LELLOCK, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Pending before the Court is the MOTION REQUESTING THE COURT TO AMEND ITS ORDERS OF NOVEMBER 6, 2013 AND MARCH 17, 2014 AND TO PERMIT APPEAL PURSUANT TO 28 U.S.C. § 1292(b) (ECF No. 46) filed by Plaintiff, David Jankowski, on September 10, 2014. The Board of Public Education of the School District of Pittsburgh, Lynn Meyers-Jeffrey, Ronald Zangaro, Dale Frederik, Lee B. Nicklos, Jody Spolar, Kenneth Scott, III, Sherman Shrager, William Isler, Mark Brently, Jean Fink, Darlene Harris, Alex D. Matthews, Evelyn Neiser, Margaret Schmidt, Randall Taylor, and Jean Wood (the "former Defendants"), each of whom was dismissed from this case pursuant to the orders from which Plaintiff seeks to take an interlocutory appeal, filed a BRIEF IN OPPOSITION TO MOTION TO AMEND (ECF No. 47), on September 25, 2014. Plaintiff, with leave of Court, filed a BRIEF IN RESPONSE TO FORMER DEFENDANTS' BRIEF IN OPPOSITION TO MOTION TO AMEND (ECF No. 48) on October 29, 2014. Accordingly, the motion is ripe for disposition, and, for the following reasons, it will be **DENIED**.

### I. Background

The parties are familiar with the background of this case, so this Court will only set forth those portions of the procedural history relevant to deciding the pending motion. Briefly,

1

Plaintiff was allegedly sexually abused by Defendant Robert Lellock, a school police officer, while he was a student at Arthur J. Rooney Middle School in the Pittsburgh School District during the 1998-99 school year. Throughout the course of this litigation, he has tried – unsuccessfully – to hold a number of school personnel and School Board members (i.e., the former Defendants) liable for Lellock's conduct.

Plaintiff took his first bite at the apple on February 6, 2013, by filing a complaint against Lellock and the School Board, claiming that Lellock's conduct violated his Fourteenth Amendment substantive due process right to bodily integrity and that the School Board was liable for that violation under *Monell*. (ECF No. 1). On April 8, 2013, the School Board filed a motion to dismiss the claim against it. (ECF No. 9). Lellock, who was then represented by Attorney Warner Mariani, did not file a response of his own.

In response, Plaintiff filed a four-count amended complaint on April 22, 2013, this time naming the seventeen (17) individual Defendants, personally and in their official capacities, along with Lellock and the School Board. (ECF No. 13). In addition to advancing claims against Lellock and the School Board under the same theories alleged in the first complaint, Plaintiff advanced a somewhat nebulous claim against the individual former Defendants, averring that they should be held liable for failing to uncover that Plaintiff was the victim of abuse at an earlier date, which failure deprived him of an opportunity for timely treatment of the psychological damages he allegedly suffered on account of Lellock's conduct. Plaintiff also alleged "supplemental state claims" against the individual Defendants, presumably sounding in negligence, though that was never made clear. The School Board and the individual Defendants filed a third motion to dismiss on May 7, 2013. (ECF No. 16.) Lellock was not a party to that motion. This Court granted the motion in a Memorandum Opinion and Order dated November 6,

2013. Plaintiff was, however, granted leave to file another amended complaint.

On December 2, 2013, Plaintiff filed a second amended complaint, naming only Lellock, Meyers-Jeffrey, and Zangaro as Defendants. Meyers-Jeffrey was a detention aide at the school. Plaintiff alleged that Lellock pulled Plaintiff and twenty-one (21) other male students out of Meyers-Jeffrey's classroom for private, one-on-one encounters, during which the alleged sexual abuse occurred. Furthermore, Plaintiff alleged that under the school's policies, Lellock should not have been permitted to remove students from classrooms for unsupervised encounters and that Meyers-Jeffrey "knew, suspected, and/or should have known that Defendant Lellock's removal from her classroom would result in a substantial probability that his civil rights would be violated." Zangaro was the principal of the school during the relevant time period, and Plaintiff alleged that he knew that Lellock was removing students from classrooms for one-on-one encounters, yet failed to do anything to stop it and failed to properly train teachers on the school's policy prohibiting police officer's from removing students from classrooms. Meyers-Jeffrey and Zangaro responded by filing another motion to dismiss each of the claims against them. (Lellock did not file a response.) This Court granted the motion to dismiss on March 17, 2014, and the claims against Meyers-Jeffrey and Zangaro were dismissed with prejudice.

That left the claim against Lellock. Although Attorney Mariani entered an appearance on Lellock's behalf on April 4, 2013, he was permitted to withdraw from this case on September 24, 2013. Since then, Lellock, who is currently incarcerated, has been unrepresented, and he has never responded, by answer or otherwise, to any of Plaintiff's filings. As a result, on June 5, 2014, the Clerk of Court, upon request from Plaintiff, entered default against Lellock. (ECF No. 43.) On June 13, 2014, Plaintiff filed a motion for default judgment and, since the amount of damages was not a sum certain, he also requested a jury trial on damages. (ECF No. 44.) On July

15, 2014, the Court entered default judgment against Lellock as to liability but denied Plaintiff's request to hold a jury trial to determine his damages. (ECF No. 45). Instead, the Court scheduled a hearing so that it could decide the issue of damages on its own.

That hearing was initially scheduled to take place on August 28, 2014, and was later rescheduled to August 14, 2014. However, the hearing was later continued so that the Court could conduct a status conference with counsel for Plaintiff. That conference took place on August 12, 2014. During the conference, the Court discussed with Plaintiff's counsel how the damages hearing would proceed. After counsel expressed some concern about what the effect of a judgment against Lellock would be if the former Defendants were reinstated on appeal, this Court instructed counsel that, instead of proceeding with the damages hearing, Plaintiff could seek to take an interlocutory appeal of this Court's orders dismissing the former Defendants from the case, assuming that the statutory requirements could be met and that the Court of Appeals ultimately exercised its discretion to allow an appeal before the entry of final judgment on all of Plaintiff's claims. This motion followed.

## II. Legal Standard

Under 28 U.S.C. § 1292(b), a party seeking interlocutory review of a non-final order must follow a two-step process. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474-75 (1978). First, the party must obtain the consent of the district court, which is required to "state in writing in such order" – i.e., the order sought to be appealed – that the grounds for certification set forth in § 1292(b) have been met.[1] 28 U.S.C. § 1292(b). Specifically, the court must find that

---

1. Despite the literal language of § 1292(b), a district court's failure to include the requisite statement "in such order" – i.e., the one from which an interlocutory appeal is sought – is not fatal to a party's chances for seeking an interlocutory appeal. In such case, "the district court may amend its order, either on its own or in response to a party's motion, to include the required

4

the order (1) "involves a controlling question of law;" (2) about which "there is substantial ground for difference of opinion;" and (3) "an immediate appeal of the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In addition to addressing these requirements, the district court must be "mindful of the strong policy against piecemeal appeals and that certification is appropriate only in exceptional cases." *Clarity Software, LLC v. Allianz Life Ins. Co. of N. Am.*, No. 04-1441, 2007 WL 1653731, at *2 (W.D. Pa. June 5, 2007) (citation omitted). The party seeking interlocutory review has the burden of persuading the district court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74 (1996). "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for exceptional cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74 (1996). Thus, the district court retains "unfettered discretion to deny certification" even when the statutory requirements are met. *Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, 234 F. Supp. 2d 324, 325 (S.D.N.Y. 2002).

If the district court grants certification, the party seeking the appeal has 10 days within which to file a petition with the court of appeals. 28 U.S.C. § 1292(b). "Because '[t]he requirements of § 1292(b) are jurisdictional,' if the case does not present circumstances satisfying the statutory prerequisites for granting certification, [the court of appeals] cannot allow the appeal." *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 645-46 (8th Cir. 2008) (quoting *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994)) (dismissing appeal for lack of

---

permission or statement." Fed. R. App. P. 5(a)(3). Thus, Plaintiff's motion is procedurally proper.

jurisdiction for failure to satisfy § 1992(b) requirements). Furthermore, even if all of the statutory requirements are present, the court of appeals has the discretion "to deny the appeal for any reason, including docket congestion." *Coopers & Lybrand*, 437 U.S. at 475.

### III. Discussion

As a threshold matter, the former Defendants contend that Plaintiff's motion should be denied without even considering the § 1292(b) requirements because it was filed well outside of the 28-day time limit established by Fed. R. Civ. P. 59(e). However, Rule 59(e) applies only when a party seeks to alter or amend a "*judgment*," which is defined as "a decree and any order *from which an appeal lies*." Fed. R. Civ. P. 54(a) (emphasis added). Plaintiff could not have taken an immediate appeal from this Court's prior orders because they did not dismiss every defendant from this case. *See* 28 U.S.C. §1291. *Carter v. City of Philadelphia*, 181 F.3d 339, 343 (3d Cir. 1999). Thus, they were not final "judgments," and Rule 59(e)'s 28-day time limit is not applicable here.

The former Defendants also ask this Court to decline to exercise its "inherent power" to amend its interlocutory orders, arguing that Plaintiff has not exercised "due diligence" or cited any valid basis for waiting several months before seeking to appeal this Court's orders. "There is no time limit in the statute or in any applicable rules for seeking the district judge's permission to appeal under 1292(b)." *Richardson Elec. v. Panache Broadcasting*, 202 F.3d 957, 958 (7th Cir. 2000). Nevertheless, a number of courts, following a line of cases from the Seventh Circuit, have read a timeliness requirement into the statute. *See, e.g.*, *Weir v. Propst*, 915 F.2d 283, 287 (7th Cir. 1990) (explaining that "[a]n amendment that will have the effect of extending the limitation is proper only if there is a reason for the delay . . ."); *Arenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (explaining that a request for certification "must be filed in the

6

district court within a reasonable time after the order sought to be appealed" was issued); *Wallis v. Centennial Ins. Co.*, No. 08-02558, 2012 WL 1552766 (E.D. Cal. May 1, 2012) (holding that a three-month delay was untimely). This Court agrees that, in certain cases, unexplained foot-dragging by the party seeking to take an appeal under § 1292(b) would frustrate the purposes of the statute. After all, "celerity was to be the touchstone of appealability under [§1292(b)]." *Weir*, 915 F.2d at 286. But in this case, it would be inappropriate to deny Plaintiff's request solely on the basis that it is untimely since this Court instructed Plaintiff (perhaps ill-advisedly in retrospect) that he might be able to take an immediate appeal instead of proceeding to a hearing on damages against Lellock. *See Lutch v. Huffy Corp.*, No. 04-66J, 2006 WL 2546945, at *5 n.2 (W.D. Pa. Sept. 1, 2006) (acknowledging that some courts have imposed an extra-statutory timeliness requirement but refusing to deny motion for interlocutory appeal solely on that basis). This Court will instead focus on the statutory requirements. If each of these is not met, the motion must be denied.

### 1. Controlling Question of Law

An order involves a "controlling question of law" whenever an incorrect disposition of the question would constitute reversible error if presented on appeal or if it is "serious to the conduct of the litigation either practically or legally." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). Conversely, "[a] question that 'appears to be a controlling question of law' but" actually "'presents a question 'about a court's application of the facts of the case to the established legal standards'" does not satisfy § 1292(b). *Glover v. Udren*, No. 08-990, 2013 WL 3072377, at *2 (W.D. Pa. June 18, 2013) (quoting *Premick v. Dick's Sporting Goods, Inc.*, No. 06-0530, 2007 WL 588992, at *2 (W.D. Pa. Feb. 20, 2007)). Plaintiff's motion seems at first blush to fall squarely in the latter category. He does not specifically identify a "controlling

question of law" upon which he seeks to base his appeal. Rather, he simply seems to disagree with this Court's application of the Rule 12(b)(6) standard in ruling on the former Defendants' two motions to dismiss. *See, e.g.*, Pl.'s Mot. ¶ 11 ("Undersigned counsel believes, and therefore avers, that the Plaintiff's First and Second Amended Complaints, if the averments therein are accepted on their face as true and correct, do in fact state a valid and cognizable claim [sic] pursuant to the Iqbal standard."). That would, of course, not provide a basis for allowing an appeal under § 1292(b). In his reply brief, however, Plaintiff suggests that the question of whether his novel theory of liability against the former Defendants, which was pled in Count III of the first amended complaint, is cognizable "is certainly 'controlling,' in that the decision of the appellate court on that question could terminate the claim against an entire class of former Defendants." Pl.'s Reply Br. at 7 (ECF No. 50). The Court will assume that this is question constitutes a "controlling question of law" because the other grounds for certification have clearly not been met.

### 2. Substantial Ground for Difference of Opinion

While Plaintiff's theory of liability might be novel, that "does not necessarily suggest that it warrants certification." *Keel-Johnson v. Amsbaugh*, No. 07-200, 2009 WL 2016627, at *2 (M.D. Pa. July 7, 2009) (citing *Larsen v. Senate of Com. of Pa.*, 965 F. Supp. 607, 609 (M.D. Pa. 1997)). To show that substantial grounds for difference of opinion exist, a party must establish that "there is genuine doubt or conflicting precedent as to the correct legal standard applied in the orders at issue." *Bush v. Adams*, 629 F. Supp. 2d 468, 475 (E.D. Pa. 2009). Plaintiff has not made this showing. In fact, he has not cited any legal authority in support of his argument that he had an "independent, federally guaranteed right to an investigation that could not have in any way prevented the original harm." Mem. Op. and Order of Nov. 6, 2013, at 18 (ECF No. 30). The

Court's independent research revealed only one other case addressing this issue, and it was consistent with this Court's own view on the matter. As the court in that case held, "the District's alleged failure to further investigate . . . might be used to show the extent of [the plaintiff's] damages should she be able to prove that the District is liable for the sexual abuse. However, the failure to further investigate is not an independent claim under § 1983." *Plumeau v. Yamhill Cnty. Sch. Dist. No. 40*, 907 F. Supp. 1423, 1438 (D. Or. 1995). Plaintiff has not offered this Court any reason to believe that other reasonable jurists would come to a contrary conclusion. Thus, he has not met the second requirement under § 1292(b).

### 3. Material Advancement of the Litigation

A § 1292(b) certification "materially advances the ultimate termination of the litigation" where the interlocutory appeal eliminates: "(1) the need for trial; (2) complex issues that would complicate the trial; or (3) issues that would make discovery more costly or burdensome." *Glover*, 2013 WL 3072377, at *3. None of those factors are present here. For starters, there will be a trial in this case (or, at least, a damages hearing) no matter what the outcome is on appeal. Moreover, rather than seeking to narrow the issues, Plaintiff is actually "seeking to return dismissed issues and parties to the case," which militates against granting him the right to appeal at this juncture. *Wheeler v. Beard*, No. No. 03-4826, 2005 WL 2108702, at *3 (E.D. Pa. Aug. 31, 2005). This case has all but formally ended. The only thing left for the Court to determine is the amount of damages to which Plaintiff is entitled for the harm suffered at the hands of Lellock.[2]

---

2. One of Plaintiff's major concerns seems to be what effect, if any, a judgment against Lellock would have in any future proceeding against the former Defendants, should some or all of them be brought back into this case following a successful appeal by Plaintiff. Although this issue has no bearing on whether an interlocutory appeal should be permitted, the Court understands Plaintiff's concern. The Court is reluctant to make any definitive statements on this issue at this time because of the hypothetical nature of the inquiry; it would be best addressed

Because "the case is ready for trial [on damages against the remaining defendant] an interlocutory appeal can hardly advance the ultimate termination of the litigation." *F.D.I.C. v. Parkway Exec. Office Cntr.*, Nos. 96–121, 96–122, 1997 WL 611674, at *3 (E.D. Pa. Sept. 24, 1997) (citation and quotation marks omitted). As this Court has previously explained:

> The policy against piecemeal appeals is particularly relevant under these circumstances . . . . Indeed, the trial to determine compensatory damages can be readily scheduled and is anticipated to be a relatively brief, straightforward proceeding. Following that proceeding, the case will be fully resolved and both parties will be able to appeal as of right.

*Layshock v. Hermitage Sch. Dist.*, No. 06-116, 2007 WL 3120192, at *1 (W.D. Pa. Oct. 23, 2007). Accordingly, the Court concludes that the third statutory requirement has not been met.

## IV. Conclusion

This Court should not have been so quick to suggest at the last status conference that Plaintiff could seek to take an interlocutory appeal of the orders dismissing the former

---

when – and if – the time comes. Nevertheless, the Court will endeavor to provide Plaintiff with some general guidance. Insofar as some or all of the former Defendants are reinstated following an appeal, proceed to trial, and are found liable under § 1983, they would be jointly and severally liable with Lellock for the whole amount of Plaintiff's compensatory damages, as Plaintiff has only alleged one, indivisible injury. *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 312 (7th Cir. 2010); *Weeks v. Chaboudy*, 984 F.2d 185, 188–89 (6th Cir. 1993); *Finch v. City of Vernon*, 877 F.2d 1497, 1503 (11th Cir. 1989); *but see Lesende v. Borrero*, 752 F.3d 324, 337 & n.11 (3d Cir. 2014) (explaining that "it at least appears plausible that the City could have been held jointly and severally liable with Officer Borrero" but noting that "[the Third Circuit Court of Appeals] has yet to rule on that issue"). Accordingly, the damages awards against Lellock and the former Defendants could not differ. *Int'l Gemmological Inst., Inc. v. Rafaeil*, No. 05-2395, 2005 WL 3880222, at *3 (S.D.N.Y. Aug. 17, 2005) (citing *Montcalm Publishing Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992); *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)). That does not mean, however, that the non-defaulting former Defendants "would be bound by the damage determination against" Lellock. *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992). They would have to be permitted to contest the amount of compensatory damages on their own, so the Lellock judgment would not have any effect on them. *Rafaeil*, 2005 WL 3880222, at *3. If, after a trial against the former Defendants, "a jury returns a verdict for a different amount than is assessed during [the damages hearing against Lellock], my ruling will be set aside and the jury's finding will prevail." *Id.*

Defendants from this case. Upon further reflection and a thorough review of the relevant law, it is clear that the statutory requirements have not – and cannot – be met. Burdening the Court of Appeals with having to consider whether to accept Plaintiff's appeal at this juncture would amount to an abuse of discretion. This Court is, therefore, constrained to deny Plaintiff's motion.[3] A status conference to determine the manner in which this case will proceed will be scheduled forthwith. An appropriate order follows.

McVerry, J.

---

3. Since this Court's two prior orders completely disposed of all of the claims against the former Defendants, leaving only the claim against Lellock, it would have been more appropriate for Plaintiff to seek certification to file an immediate appeal via Fed. R. Civ. P. 54(b) instead of § 1292(b). *See Ford Motor Credit Co. v. S.E. Barnhart & Sons, Inc.*, 664 F.2d 377, 379-81 (3d Cir. 1981) (citation and quotation marks omitted) ("If an order can be made appealable by a Rule 54(b) certificate, it, and not a § 1292(b) certificate, should be sought."). Ordinarily, an order that terminates "fewer than all the parties to an action does not constitute a 'final' order for purposes of 28 U.S.C. § 1291." *Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 219 (3d Cir. 2012) (citation omitted). Rule 54(b), however, allows a district court to "convert an order adjudicating less than an entire action" into an appealable order. *Id.* Unlike with respect to § 1292(b), "[n]o controlling legal principle need be at issue nor need the court of appeals grant permission" to take an immediate appeal. *Ford Motor Credit Co.*, 664 F.2d at 380. Rather, the focus of the inquiry is whether there is any "just reason for delay," and the decision is left entirely up to the district court. Fed. R. Civ. P. 54(b). The arguments raised in Plaintiff's motion seem more consistent with the considerations governing certification under Rule 54(b). *See, e.g.*, *Douglas v. Hetrick*, No. 10-1087, 2012 WL 94540, at *4-5 (W.D. Pa. Jan. 11, 2012) (entering final judgment under Rule 54(b) against municipality and supervisory defendant where only claim against perpetrator of sexual abuse of plaintiff remained); *Turner v. Niccoletti*, No. 12-1855, 2013 WL 6244721, at *2 (W.D. Pa. Dec. 3, 2013) (entering final judgment against supervisory prison officials and staying case against the former corrections officers who actually committed the constitutional violations). Plaintiff's concerns about potentially inconsistent judgments could also have been addressed by seeking certification under Rule 54(b), as the Court could have stayed the case against Lellock pending the appeal and then entered one judgment after resolution of the appeal.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID JANKOWSKI, | ) |
| Plaintiff, | ) 2:13-cv-194 |
| v. | ) |
| ROBERT LELLOCK, | ) |
| Defendant. | ) |

## ORDER

**AND NOW**, this 5th day of November, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED** that Plaintiff's MOTION REQUESTING THE COURT TO AMEND ITS ORDERS OF NOVEMBER 6, 2013 AND MARCH 17, 2014 AND TO PERMIT APPEAL PURSUANT TO 28 U.S.C. § 1292(b) (ECF No. 46) is **DENIED** and status conference is hereby **SCHEDULED** on November 18, 2014, at 3:00 p.m. to determine the manner in which Plaintiff intends to proceed in this matter.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Gary M. Lang, Esquire**
Email: gml@fglmlaw.com
**Amanda B. Kraft, Esquire**
Email: abk@fgsmlaw.com
**Justin T. Papciak, Esquire**
Email: jtp@fglmlaw.com

**Matthew Fergus, Esquire**
Email: mfergus@grblaw.com

**Robert Lellock** (Inmate No. LK1459)
SCI Somerset
1600 Walters Mill Rd.

Somerset, PA 15510

(via First Class U.S. mail)