# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID JANKOWSKI, | )<br>)<br>) |
| Plaintiff, | )<br>) 2:13-cv-194 |
| v. | )<br>) |
| ROBERT LELLOCK, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION

Pending before the Court is PLAINTIFF'S MOTION FOR CERTIFICATION OF ENTRY OF FINAL JUDGMENT IN FAVOR OF DEFENDANTS LYNN MEYERS-JEFFREY AND RONALD ZANGARO PURSUANT TO F.R.C.P. 54(b) AND FOR STAY OF REMAINING CLAIMS PENDING APPEAL (ECF No. 58) filed on July 2, 2015. Defendant, Robert Lellock, and the former defendants were allowed until July 16, 2015, to file a response to the motion. No response has been filed. Accordingly, the motion is ripe for disposition.

## I.  Background

The parties and former defendants are well-acquainted with the background of this case, so the Court will not recount it at any length. In brief, Plaintiff originally sued Lellock, the School District, and 17 School District employees, administrators, and board members. The School District and the 17 individual School District defendants moved to dismiss pursuant to Rule 12(b)(6), and their motion was granted. ECF No. 30. Subsequently, Plaintiff filed an amended complaint, naming only Lynn Meyers-Jeffrey and Ronald Zangaro as defendants. In response, these two defendants filed a motion to dismiss, which again was granted. ECF No. 39. That left Lellock as the only remaining defendant. He is unrepresented and has not filed a response to any of Plaintiff's complaints. As a result, both default and default judgment have

1

been entered against him. ECF Nos. 43, 45. However, the Court has yet to determine the amount of damages to which Plaintiff is entitled. A hearing to make that determination was previously scheduled, but it has been continued indefinitely. Meanwhile, Plaintiff sought, unsuccessfully, to take an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) of this Court's orders dismissing the claims against the former defendants. ECF No. 51. When denying Plaintiff's motion for certification under § 1292(b), the Court observed that "it would have been more appropriate for Plaintiff to seek certification . . . via Fed. R. Civ. P. 54(b) instead of 1292(b)." *Id.* at 11 n.3. Thereafter, Plaintiff filed the instant motion, in which he requests that the Court enter a final judgment under Rule 54(b) as to Meyers-Jeffrey and Zangaro, thereby permitting him to immediately appeal the dismissal of the claims against them. He also asks the Court to stay the case against Lellock – in essence, to forestall a determination of damages – until any appeal of the claims against Meyers-Jeffrey and Zangaro is resolved.

**II.     Legal Standard**

Federal courts of appeal only have jurisdiction over appeals from "final decisions" of federal district courts. 28 U.S.C. §1291. "Ordinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal under 28 U.S.C. §1291." *Carter v. City of Philadelphia*, 181 F.3d 339, 343 (3d Cir. 1999). However, Rule 54(b) allows a district court to convert "an order adjudicating less than an entire action to the end that it becomes a 'final' decision over which a court of appeals may exercise jurisdiction under 28 U.S.C. § 1291." *Elliott v. Archdiocese of New York*, 682 F.3d 213, 219 (3d Cir. 2012). Rule 54(b) expressly provides:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims

> or parties *only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

(emphasis added). This rule "'attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties.'" *Elliot*, 682 F.3d at 220.

Be that as it may, "certification of a judgment as final under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in a district court." *Id.* In view of that, it should not be granted "routinely or as a courtesy or accommodation to counsel." *Panichella v. Pa. R.R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958). Rather, "[t]he power which this Rule confers upon the trial judge should be used only in the infrequent harsh case as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute [28 U.S.C. § 1291] and rule." *Id.*

Therefore, before certifying an order under Rule 54(b), the district court must "first determine whether there has been an ultimate disposition on a cognizable claim for relief as to a claim or party such that there is a 'final judgment.'" *Elliot*, 682 F.3d at 220 (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). "If it determines that there has been such a disposition, 'the district court must go on to determine whether there is any just reason for delay,' taking into account 'judicial administrative interests as well as the equities involved.'" *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 7-8). "This latter requirement, that a district court 'must go on to determine whether there is any just reason for delay,' is not merely formalistic." *Id.* If the district court fails to make such a determination on the record, the order is not considered final and the court of appeals, in turn, lacks jurisdiction. *Id.* Moreover, when certifying an order

pursuant to Rule 54(b), a mechanical recitation of the "no just reason for delay" language in the rule will not suffice. *Id.* The district court must instead "'clearly articulate the reasons and factors underlying its decision . . . .'" *Id.* (quoting *Allis–Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)). "Unlike the need for an express determination that there is 'no just reason for delay,'" however, the requirement that the district court provide a statement of reasons is not a jurisdictional prerequisite, so long as "'the propriety of the appeal may be discerned from the record.'" *Id.* (quoting *Carter*, 181 F.3d at 346).

III. **Discussion**

The Court finds that the requirements of Rule 54(b) have been met. There is no question that the order of March 17, 2014, granting the motion to dismiss filed by Meyers-Jeffrey and Zangaro constituted the "ultimate disposition" of the claims against them. *See Elliot*, 682 F.3d at 220. The question then becomes whether there is any "just reason" for delaying the entry of final judgment. In making this determination, the Court must consider "the relationship between the adjudicated and unadjudicated claims," "the possibility that the need for review might or might not be mooted by future developments in the district court," "the possibility that the reviewing court might be obliged to consider the same issue a second time," "the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final," and "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006) (quoting *Allis–Chalmers*, 521 F.2d at 364).

These factors weigh in favor of granting Plaintiff's pending motion. For one thing, the issues presented by the claims against Meyers-Jeffrey and Zangaro and the claim against Lellock

4

are clearly separable, with the former involving questions of supervisory liability not raised by the latter. As a result, there is no risk of duplicative appeals. Furthermore, future developments in the district court are unlikely to moot the need for review. Plaintiff is either going to appeal now, if given the opportunity, or later, when the issue of damages is resolved with respect to Lellock.

Finally, a number of miscellaneous factors strongly counsel in favor of entering judgment under Rule 54(b). Plaintiff faces the possibility of having to try this case twice: once at a damages hearing against Lellock and again if this Court's March 17, 2014, order is reversed and the case is remanded and eventually proceeds to trial. Considering the nature of his claims, this would put a great hardship on Plaintiff personally, not to mention financially. *See Doe v. City of Waterbury*, 2006 WL 3332978, at *2 (D. Conn. Nov. 16, 2006) (finding that "[c]ertification will alleviate hardships for plaintiffs" where doing so eliminated the risk that they would have to testify twice about sexual assault at hands of defendant). Moreover, Lellock will likely be in prison for a lengthy period of time, if not the rest of his life, and he is likely judgment proof nevertheless. In view of that, it would be a waste of the Court's and the Plaintiff's time and resources to go to a trial on damages solely with respect to the claim against Lellock, knowing full well that any award will not be recoverable. *See Douglas v. Hetrick*, 2012 WL 94540, at *4-5 (W.D. Pa. Jan. 11, 2012) (entering final judgment under Rule 54(b) against municipality and supervisory defendant where only claim against perpetrator of sexual abuse of plaintiff remained and perpetrator was likely judgment proof); *Turner v. Niccoletti*, 2013 WL 6244721, at *2 (W.D. Pa. Dec. 3, 2013) (entering final judgment against supervisory prison officials and staying case against the former corrections officers who actually committed the constitutional violations, who were imprisoned and judgment proof). Also, as Plaintiff points out, there is a risk that there will be inconsistent judgments against Lellock and Meyers-Jeffrey and Zangaro (assuming they are

brought back into this case following an appeal). That could, in turn, lead to "additional appellate issues" that could be avoided by permitting an appeal now. Pl.'s Mot. ¶ 26, ECF No. 58.

## IV. Conclusion

For the foregoing reasons, the Court finds that there is "no just reason for delay," and therefore the Court will direct entry of a final judgment pursuant to Rule 54(b) in favor of Meyers-Jeffrey and Zangaro and against Plaintiff. Plaintiff's request for a stay will also be granted. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DAVID JANKOWSKI, | ) |
|---|---|
| Plaintiff, | ) 2:13-cv-194 |
| v. | ) |
| ROBERT LELLOCK, | ) |
| Defendant. | ) |

## ORDER OF COURT

**AND NOW**, this 17th of July 2015, in light of the Court's determination that there is "no just reason" to delay the entry of judgment against former Defendants Lynn Meyers-Jeffrey and Ronald Zangaro, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that PLAINTIFF'S MOTION FOR CERTIFICATION OF ENTRY OF FINAL JUDGMENT IN FAVOR OF DEFENDANTS LYNN MEYERS-JEFFREY AND RONALD ZANGARO PURSUANT TO F.R.C.P. 54(b) AND FOR STAY OF REMAINING CLAIMS PENDING APPEAL (ECF No. 58) is **GRANTED**. It is **FURTHER ORDERED** that this case is **STAYED** pending the resolution of Plaintiff's appeal relating to the Court's order of March 17, 2014, dismissing the claims against Meyers-Jeffrey and Zangaro.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Gary M. Lang, Esquire**
Email: gml@fglmlaw.com
**Amanda B. Kraft, Esquire**
Email: abk@fgsmlaw.com
**Justin T. Papciak, Esquire**
Email: jtp@fglmlaw.com
**Matthew Fergus, Esquire**
Email: mfergus@grblaw.com