IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID JANKOWSKI, | ) | |
| | ) | Civil Action No. 13-194 |
| Plaintiff, | ) | |
| | ) | Chief District Judge Joy Flowers Conti / |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| ROBERT LELLOCK, *et al.*, | ) | |
| | ) | ECF No. 73 |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss Case with Prejudice and/or Enter a Final Disposition of Zero Dollars against Defendant, (ECF No. 73), filed by Defendant Robert Lellock, be granted in part and denied in part. It is recommended that the Motion to Dismiss the Case with Prejudice be granted, and the Motion to Enter a Final Disposition of Zero Dollars against Defendant Lellock be denied.

**II. REPORT**

    **A. Procedural History**

Plaintiff in the above- captioned case commenced a civil rights action against several Defendants[1] including Robert Lellock.

---
[1] All of the other Defendants have been dismissed from this case with prejudice.

On July 15, 2014, ECF No.45, the Court granted Plaintiff's Motion for Judgment against Defendant Lellock and found him to be in default. Judgment was entered in favor of Plaintiff as to liability. The Court set a non-jury trial for August 28, 2014 to determine the amount of damages attributable to Defendant Lellock which was rescheduled and later cancelled. See ECF No. 45 and Text Orders dated 07/30/14.[2]

This case was reassigned to the undersigned on October 13, 2016. On December 12, 2016, the courtroom deputy clerk called Plaintiff's counsel for an update as to status, to which counsel responded that he still had not been able to communicate with his client. He was directed to contact his client and report back to the Court by December 22, 2016. After receiving no update from Plaintiff's counsel, a telephone status conference was set for March 16, 2017, and continued to March 28, 2017 at the request of Plaintiff's counsel. At the March 28, 2017 telephone conference, Plaintiff's counsel informed the Court that Plaintiff has been incarcerated at ACJ, and he intended to advise Plaintiff that it would be futile to pursue the claim against Lellock as he has no insurance coverage. The Court advised that it would be administratively closing the case and it could be re-opened on motion of any party (ECF No. 71).

On March 31, 2017, the Court ordered Plaintiff's counsel to file a status report no later than June 30, 2017, informing the Court of Plaintiff's decision relative to Lellock. No report was filed.

On July 21, 2017, Defendant Lellock filed the Motion to Dismiss the Case with Prejudice and/or Enter a Final Disposition of Zero Dollars against Defendant (ECF No. 73). On

---

[2] Over the next two years, Plaintiff asked Judge McVerry, who was previously assigned to this case, to amend his orders (ECF Nos. 30 & 39) to permit immediate appeal to the Third Circuit pursuant to 28 U.S.C. § 1292(b), which he denied (ECF No. 51). Thereafter, Plaintiff filed a motion requesting entry of final judgment (ECF No. 55) which was granted and Judgment was entered on 07/17/15 (ECF Nos. 59 & 60). The case was then stayed while Plaintiff appealed the judgment to the Third Circuit, which issued its mandate, affirming the judgment of the district court, on 06/13/16. (ECF No. 65.)

July 24, 2017, the courtroom deputy clerk contacted Plaintiff's counsel to see if counsel had any success in getting his client to withdraw his claims against Lellock. He reported that he had not. Therefore, the Court ordered Plaintiff to file a response to Defendant Lellock's Motion to Dismiss no later than August 4, 2017 (ECF No. 74). To date, no response has been filed.

B. **Legal Standard**

Defendant Lellock asks the Court to dismiss this case for Plaintiff's failure to prosecute, which the Court construes as a motion to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure.

Defendant Lellock has been preceding pro se since September 25, 2013. A court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F. 3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*., 165 F. 3d 244, 247-48 (3d Cir 1996).

Federal Rules of Civil Procedure, Rule 41(b) provides as follows:

> **(b) Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19- operates as an adjudication on the merits.

"Under Rule 41(b), a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyner*, No. 15-3090, 642 F. App'x 100, 102 (3d Cir. 2016) (per curium) (citing Fed. R. Civ. P. 41(b)); see also *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F. 3d 863, 871 (3d Cir. 1994)

(recognizing that a court can dismiss a case sua sponte under Rule 41(b)) (discussing *Link v. Wabash R.R.,* 370 U.S. 626, 632 (1962)).

In deciding whether to dismiss a case for failure to prosecute, courts consider several factors including : (1) the extent of the party's personal responsibility; (2) the prejudice to the opposing party caused by the failure to meet scheduling orders and respond the discovery ; (3) any history of dilatoriness; (4) whether the conduct of the party or the attorney has been willful or in bad faith; (5) whether effective alternative sanctions are available; and (6) the merits of the claim or the defense. *Qadr*, 642 F. App'x at 102 (citing *Poulis v. State Farm Fire & Cas. Co.,* 747 F. 2d 863 (3d Cir. 1984). "There is no 'magic formula' or 'mechanical calculation' for balancing the *Poulis* factors, and a District Court need not find all of the factors satisfied in order to dismiss the complaint." Id at 102-03 (*citing Briscoe v. Klaus,* 538, F.3d 252, 263 (3d Cir. 2008). The decision to dismiss for failure to prosecute is committed to the district court's sound discretion. *See Col0linsgru v. Palmyra Bd. of Educ.,* 161 F. 3d 225, 230 (3d Cir. 1998) (reviewing the district court's dismissal for failure to prosecute pursuant for abuse of discretion), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City School Dist.,* 550 U.S. 516 (2007).

Based on its review of the aforementioned *Poulis* factors, this Court concludes that a dismissal of the instant civil action is warranted. The Court's analysis of each factor follows.

1. <u>The Extent of the Party's Personal Responsibility</u>

Plaintiff was ordered to file a status report by June 30, 2017. He did not. He was ordered to respond to the Defendant's Motion to Dismiss. He did not. No action has been taken by Plaintiff since the judgement of the District Court was affirmed by the Circuit. It appears from conversation with counsel that Plaintiff is, or was, incarcerated. However, his attorney attempted

to contact him and Plaintiff can certainly contact his counsel from prison. He therefore appears to have abandoned the case.

2. A History of Dilatoriness

Plaintiff has taken no action since the circuit affirmed the court's judgement on June 13, 2016. He was directed to advice this Court no later than June 30, 2017 whether he intends to withdraw this claim against the Defendant Lellock. (ECF No. 72).He was ordered to respond to the Motion to Dismiss by August 4, 2017. (ECF No. 4). He did not comply with either order. In this Court's estimation, Plaintiff has been dilatory.

3. Prejudice to the Adversary

In *Poulis*, prejudice was found to exist where Plaintiff failed to conduct discovery, the adversary was required to prepare and file motions to compel answers to interrogatories, and Plaintiff failed to file a pre-trial statement as ordered. In this case, it has been three years since a Default Judgment was entered as to Lellock. Plaintiff has taken no action since the Circuit ruling in 2016. Defendant is prejudiced by the fact that a lawsuit has been pending for four and a half years and Plaintiff's lack of action has impeded the Courts ability to move the litigation forward toward a timely adjudication on the merits.

4. Whether the Party's Conduct was Willful or in Bad Faith

There is no indication on this record that Plaintiff's failure to comply with the Court's prior order was the result of any lack of notice or other excusable neglect. Thus, it appears that his failure in this regard is willful.

5. Alternative Sanctions

Plaintiff has been incarcerated and has no interest in pursuing this case. Plaintiff's counsel has failed to reach out to this Court. Any lessor sanctions would not be appropriate in this case.

6. Merits of the Claim or Defense

Plaintiff's case does have merit; the Court entered judgement of default against defendant Lellock. The only remaining issue was the amount of damages to be determined by non-jury trial which never took place. It appears, however, that the Defendant has no means or resources to satisfy any money judgment that would be obtained.

7. Summary of the *Poulis* Factors

On balance, this Court finds that the *Poulis* factors weigh in favor of a recommendation of dismissal. Having been given ample opportunity to proceed with prosecuting this case, Plaintiff has failed to move this litigation forward. Accordingly, a dismissal of the Plaintiff's case against Defendant Lellock is warranted with prejudice.

The Court sees no basis however, to "Enter a Final Disposition of Zero Dollars" as requested. A default judgment was entered. No damages trial took place. As recommendation is being made for dismissal, monetary judgement is neither required nor warranted.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss Case with Prejudice be granted and the Motion to Enter a Final Disposition of Zero Dollars be denied.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: September 12, 2017.                                BY THE COURT

                                                          s/Lisa Pupo Lenihan
                                                          Lisa Pupo Lenihan
                                                          United States Magistrate Judge

cc:  Counsel of Record
     Via CM/ECF Electronic Mail

     Lellock Robert, LK-1455
     1600 Walters Mill Rd
     Somerset, PA 15510[3]

---

[3] There is no address of record for Defendant Lellock as his attorney was terminated some time ago. This is the address on the envelope in which Defendant's Motion was mailed.